Conviction for robbery; punishment, ten years in the penitentiary.

Appellant was charged with robbing M. F. Cooper of money, a watch, and a knife. Cooper testified that the parties were together and were drinking; that he had certain money in his possession, and had a knife and a watch. His testimony shows beyond question that he was assaulted and seriously injured, and that his watch, knife, and money were taken from him. Appellant's written confession was offered in evidence. In same he admitted his assault upon a man at about the time and place when and where Cooper was robbed, and in said confession appellant admitted that he took from the party he so assaulted and robbed certain money and a watch, which were identified by Cooper as his. In his confession appellant said that he struck the party with a piece of iron pipe. Search of the immediate vicinity where the robbery was supposed to have occurred, revealed the presence of a heavy piece of iron about six feet from where the body of Cooper was lying on the ground. The facts seem ample to justify the jury in their conclusion that appellant did in fact assault and rob Cooper upon the occasion referred to.

We find in the record two bills of exception. Both of same are quite lengthy, and are made up entirely of questions and answers. This is contrary to the provisions of article 760 of our C. C. P. (as amended by Acts 1931, c. 34, § 7 [Vernon's Ann. C. C. P. art. 760]), and in cases too numerous to need citation we have held that we cannot consider bills of exception when presented here in this form. In some cases where the court certifies it is necessary, in order that the propositions involved may be understood and made clear, that there be questions and answers in the bill, we have considered same, but each of the bills of exception appearing in this record are qualified by the trial court, who states that it was not necessary to put the questions and answers in these bills of exception in order to make them clear. Such being the case, these bills will not be considered.

No error appearing, the judgment will be affirmed.

HAWKINS, J., absent.

## OWENS v. STATE.
### No. 17118.

Court of Criminal Appeals of Texas.
Jan. 9, 1935.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

PER CURIAM.

The offense is robbery; penalty assessed at confinement in the penitentiary for twenty-five years.

The indictment seems regular and properly presented.

The evidence heard before the trial court is not brought up for review.

The charge of the court seems comprehensive, and the presumption prevails that it was in accord with the evidence adduced.

As written, the judgment takes note of the Indeterminate Sentence Law (Vernon's Ann. C. C. P. art. 775), and condemns the appellant to confinement in the penitentiary for a period of not less than five, nor more than twenty-five, years.

Finding nothing presented for review which would authorize a reversal of the judgment, an affirmance is ordered.

HAWKINS, J., absent.